IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONYEA BARFIELD | § | |
| | § | |
| vs. | § | C.A. NO. _____ |
| | § | |
| TERMINAL INVESTMENT CORPORATION | § | [JURY] |
| d/b/a TICO/TERMINAL SERVICES | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, DONYEA BARFIELD, complains of Defendant, TERMINAL INVESTMENT CORPORATION d/b/a TICO/TERMINAL SERVICES, and, for cause, would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1.01    This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD and Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02    The subject accident in which Plaintiff sustained the injuries and damages complained of herein occurred within this District and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## II.
## PARTIES

2.01    Plaintiff, DONYEA BARFIELD, is a Texas resident and citizen.

2.02    Defendant,    TERMINAL    INVESTMENT    CORPORATION    d/b/a

1

TICO/TERMINAL SERVICES ["TICO"], is a corporation duly organized, created and existing pursuant to the laws of the state of Georgia (U.S.A.), with its principal office located at: 746 Wheaton Street, Savannah, GA 31401. TICO does substantial business in Texas and the Southern District of Texas and, therefore, is subject to this Court's jurisdiction. TICO may be served with process through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3136.

### III.
### FACTS

3.01   On or about August 5, 2019, Plaintiff was a longshoreman working as a yard tractor[1] driver by and under the direction of his stevedore employer, Terminal Link Texas, LLC ["TerminalLink"] at Bayport Marine Terminal ["Bayport"] Container Pad 5E.

3.02   Specifically, prior to the incident in question, Terminal Link had instructed Plaintiff to obtain a yard tractor and container chassis from Defendant TICO at TICO's onsite yard to assist with the employer's operation.

3.03   Through its duly authorized agents, Defendant TICO selected, assigned, and directed Plaintiff to utilize yard tractor no. 90102 and attached empty container chassis #360 (the "Tractor and Chassis") in connection with Terminal Link's operation.

3.04   While working in the course and scope of his employment with Terminal Link, Plaintiff was driving to Container 5E to pick up a container when he attempted to apply the brakes and the emergency brake on the Tractor and Chassis to no avail, as none of the brakes were working. As a result, Plaintiff collided with the rear end of the chassis attached to the vehicle in front of him ("the Collision"), causing him to sustain substantial personal injuries.

---

[1] Yard tractors are also referred to as "yard hustlers" and/or "yard mules."

## IV.
## CAUSE(S) OF ACTION

*Negligence*

4.01    Upon information and belief, Defendant TICO owned, operated, rented, leased, and/or maintained the Tractor and Chassis that malfunctioned and the brake system that failed in the Incident, which at all times remained under their care, custody, and/or operational control.

4.02    Through its duly authorized agents and representatives, TICO was negligent and careless in selecting, assigning, providing, and/or directing Plaintiff to utilize the Tractor and Chassis combination in question, which TICO knew or should have known was malfunctioning, unsafe, defective, and/or not roadworthy at the time in question.

4.03    Upon further information and belief, on the night before the Collision occurred, the Subject Vehicle was being driven by another truck driver who was employed with another stevedoring company, Houston Terminal Link. While driving the Subject Vehicle, this truck driver found that the brakes were faulty and were not working properly, and Houston Terminal Link's on-site mechanic looked at the Subject Vehicle's brakes and found that they were not in proper working condition.

4.04    Upon further information and belief, the Subject Vehicle was then "tagged out" and sent back to TICO to be inspected and/or repaired by one of its mechanics. The Subject Vehicle was rented out again the next day (the day of the Collision), when it was used by the Plaintiff and malfunctioned, causing the Collision to occur. Plaintiff and Terminal Link had every reason to believe that the Subject Vehicle was in good working order, as TICO released it for use. However, unbeknownst to Plaintiff or Terminal Link at the time, TICO released and rented out the Subject Vehicle and Chassis on the day of the Collision without properly inspecting the Subject Vehicle and Chassis and/or without making the necessary repairs to the

3

Subject Vehicle and Chassis.

## V.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT TERMINAL INVESTMENT CORPORATION D/B/A TICO/TERMINAL SERVICES

5.01   Plaintiff incorporates all factual allegations made above.

5.02   Upon information and belief, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services was the owner and lessor of the Subject Vehicle and Chassis, responsible for all repairs and maintenance of the Subject Vehicle and Chassis.

5.03   Through its duly authorized agents and representatives, Defendant TICO was negligent and careless in selecting, assigning, providing, and/or directing Plaintiff to utilize the Subject Vehicle and Chassis, which TICO knew or should have known was malfunctioning, unsafe, defective, and/or not roadworthy at the time in question.

5.04   As the owner and lessor of the Subject Vehicle and Chassis, Defendant TICO undertook to inspect, repair, and maintain the Subject Vehicle and Chassis, and had the duty to ensure that the Subject Vehicle and Chassis was in proper working condition for the stevedoring companies it leased it to and the truck drivers that operated it.

5.05   As the owner and lessor of the Subject Vehicle and Chassis responsible for the repair and maintenance of the Subject Vehicle and Chassis, Defendant TICO failed to do that which a vehicle owner/lessor of ordinary prudence would have done under the same or similar circumstances, or did that which a vehicle owner/lessor of ordinary prudence would not have done under the same or similar circumstances. For example, Defendant TICO was negligent by:

    a.   failing to ensure that the Subject Vehicle had a proper safety inspection and necessary repairs after it had been tagged out for having brake issues;

    b.   failing to inspect the Subject Vehicle and Chassis and/or related components parts to ensure they were in proper working order;

4

      c.      failing to repair and/or replace the Subject Vehicle and Chassis and/or related component parts;

      d.      failing to ensure that the Subject Vehicle and Chassis and/or related component parts were in proper working order;

      e.      failing to provide a safe vehicle and chassis with brakes in proper working condition;

      f.      failing to exercise with ordinary care and prudence in the right of control it retained over the maintenance, repair, safety, and condition of the Subject Vehicle and Chassis;

      g.      failing to exercise reasonable care to avoid a foreseeable risk to others;

      h.      failing to use ordinary care in protecting others from peril when the peril was under its control;

      i.      failing to provide adequate supervision and training to its employees, agents, servants, and/or representees, including but not limited to its mechanics, regarding maintaining and inspecting the Subject Vehicle and Chassis and/or related component parts;

      j.      failing to take proper and necessary measures to prevent the Subject Vehicle and Chassis from being leased out for use when its brakes were not in proper working condition;

      k.      failing to properly inspect, maintain, and repair the Subject Vehicle and Chassis, including but not limited to its brakes;

      l.      undertaking to inspect, maintain, and repair the Subject Vehicle and Chassis, including but not limited to its brakes, and failing to act prudently in said undertaking;

      m.      failing to warn users, drivers, agents, servants, and/or representatives, including Plaintiff Mr. Barfield, of the dangers associated with the Subject Vehicle and Chassis and/or related component parts; and

      n.      other acts and omissions to be proven at trial.

5.06    The dangerous condition of the Subject Vehicle and Chassis at the time of the Collision posed an unreasonable risk and danger to Plaintiff, and all individuals driving in or near the Subject Vehicle and Chassis at the Port of Houston. Defendant TICO knew or should

have known of the dangerous condition of the Subject Vehicle and Chassis' brakes and taken proper measures to eliminate the unreasonable risk of harm and danger to Plaintiff. Defendant TICO failed to properly inspect and repair the Subject Vehicle and Chassis' brakes, and thus failed to eliminate the dangerous condition of the Subject Vehicle and Chassis' brakes.

5.07   Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendant TICO's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant TICO had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Therefore, Defendant TICO was grossly negligent, for which it is liable for exemplary damages.

## VI.
## RESPONDEAT SUPERIOR

6.01   At the time and on the occasion in question, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services was liable under the doctrine of Respondeat Superior, for the acts of negligence of its employees/agents that were working in the course and scope of their employment with Defendant TICO.

## VII.
## DAMAGES

7.01   Plaintiff incorporates all factual allegations made above.

7.02   As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his neck, lower back, right knee, and other parts of his body, causing him to experience physical pain, discomfort, distress, and other medical problems that, in all reasonable probability, will continue indefinitely.

7.03     These occurrences and injuries occurred as a proximate result of the negligence and/or lack of attention on the part of Defendant TICO, its agents, servants, and/or employees acting in the course and scope of their employment and/or agency.

7.04     In addition to the expenses incurred by him and incapacity to labor caused by his injuries, Plaintiff has been put to much expense for treatment; such expenses are still continuing and he is unable to state the full amount thereof. Notwithstanding the foregoing, categorical damages which Plaintiff seeks to recover from Defendant include compensation for the following:

   a.   physical and mental disability sustained by Plaintiff from the date of injury to the time of trial;

   b.   future physical and mental disability reasonably anticipated to be sustained by Plaintiff in the future;

   c.   physical and mental pain and suffering sustained by Plaintiff from the date of injury to time of trial;

   d.   physical and mental pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   e.   loss or earnings sustained by Plaintiff from the date of injury to time of trial;

   f.   loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

   g.   reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

   h.   reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

   i.   past and future physical disfigurement; and

   j.   past and future mental and physical impairment.

## VIII.
## INTEREST

8.01   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## IX.
## JURY DEMAND

9.01   Plaintiff respectfully demands a jury.

## X.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a. That process in due form of law according to the practice of this Honorable Court issue against Defendant TICO summoning it to appear and answer, all and singular, the matters aforesaid;

b. That a judgment may be entered in favor of Plaintiff against Defendant TICO for the amount of his claims to be determined;

c. That Plaintiff have pre-judgment and post-judgment interest and all costs of Court;

e. That this Honorable Court grant Plaintiff a Trial by Jury; and

f. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

**DENNIS L. BROWN, P.C.**

:/s  Dennis L. Brown
**DENNIS L. BROWN**
State Bar No. 03112650
S.D. Tex ID No.: 5940
6750 West Loop South, Ste. 900
Bellaire, Texas  77401
Telephone: (713) 623-8999
Facsimile: (713) 623-0756
Email: lawoffice@dennislbrown.com

**ATTORNEY FOR PLAINTIFF**